UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BALDWIN REALTY GROUP INC.,**

        **Plaintiff,**

v.                                                                      Case No: 6:18-cv-785-Orl-41DCI

**SCOTTSDALE INSURANCE COMPANY,**

        **Defendant.**

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL APPRAISAL AND TO STAY LITIGATION AND TO DELINEATE AND ITEMIZE APPRAISAL AWARD (Doc. 15)** |
| **FILED:** | **June 13, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

I.      *Procedural and Factual Background*

On May 3, 2018, Plaintiff filed this breach of contract action in state court in the Eighth Judicial Circuit Court in and for Brevard County, Florida. Doc. 1. This action is a dispute between an insurer and insured concerning damages that Hurricane Irma caused to Plaintiff's insured property. *Id.* On May 21, 2018, Defendant removed this case to federal court based on this Court's diversity jurisdiction, alleging that the parties are completely diverse and the amount in controversy is satisfied because Plaintiff provided Defendant with a detailed estimate of Plaintiff's

damages totaling $473,865.06. *Id*. On June 5, 2018, Plaintiff filed an Amended Complaint, which remains the operative pleading. Doc. 9. In the Amended Complaint, Plaintiff asserted a single claim for breach of contract for Defendant's alleged failure to comply with the terms of the contract of insurance (the policy) by failing to reimburse Plaintiff adequately for the damages resulting from the hurricane. *Id*. at 3 (alleging that Defendant "failed or refused to pay the reasonable value of repairs needed to place the insured premises in its pre-loss condition").

On June 13, 2018, Defendant filed a Motion to Compel Appraisal and to Stay Litigation, and to Delineate and Itemize Appraisal Award. Doc. 15 (the Motion). Through the Motion, Defendant sought to assert the appraisal provision of the policy, which provision reads as follows:

> Appraisal
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a.      Pay its chosen appraiser; and
> b.      Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

Doc. 15 at 2; *see also* Doc. 15-1; Doc. 18 at 3-4. In the Motion, Defendant asserted that it investigated the claim and found that the insured property suffered a covered loss, but that the covered loss was less than the policy's deductible. *Id*. at 1. But, as stated in the notice of removal, Plaintiff claimed that the covered loss was $473,865.06. *Id*. at 2; *see also* Doc. 15-2. Thus, Defendant sought appraisal. However, it was not clear to the undersigned, from the Motion, whether Defendant had made a written demand for appraisal, other than the Motion itself.

Plaintiff filed a timely response and, therein, made factual assertions that included the following:

> It is estimated the cost to return the Plaintiff's property to its pre-loss condition due to the damaged caused by Hurricane Irma will cost $473,865.06.
>
> This estimate is just for repairs, the estimated costs for repairs do not include any claims for lost business income due to the loss of profits from the tenants of the property, which is a claim the Plaintiff can make under the subject policy.
>
> Plaintiff submitted this estimate to the Defendant so Defendant could investigate the claim prior to the filing of this suit.
>
> Defendant investigated this loss and subsequently, upon information and belief, denied the claim and closed its claim file.

Doc. 18 at 2 (paragraph numbers and exhibit citation omitted). Plaintiff then raised several objections to the Motion. Doc. 18 (the Response). First, Plaintiff asserted that the request for appraisal was premature because no arbitrable issue exists, claiming that the parties had not yet disagreed on the amount of loss. *Id*. at 4-5. Second, Plaintiff asserted that Defendant waived its right to appraisal by failing to make a written demand for appraisal prior to filing this action. *Id*. at 5. Third, Plaintiff asserted that the Court should deny the Motion because non-arbitrable issues exist in this case, such as whether Defendant breached the contract for insurance. *Id*. at 5-6. Fourth, Plaintiff asserted that Defendant waived its right to appraisal by actively participating in this litigation by filing a notice of removal and drafting and providing to Plaintiff, but not filing, a motion to strike the attorney fee demand in the original complaint, which draft motion resulted in Plaintiff filing the Amended Complaint and removing the demand for attorney fees. *Id*. at 7-10. As will be discussed further, Plaintiff provided absolutely no legal authority in support of its second and third arguments, and the scant legal authority relied upon by Plaintiff in relation to its first and fourth arguments is distinguishable and, as such, tends to support the request for appraisal here.

On July 6, 2018, Defendant filed an authorized reply to the Response. Doc. 22 (the Reply). In the Reply, Defendant asserted that there was a dispute as to the amount of loss and that this matter was ripe for appraisal, reiterating that Defendant "admits that Plaintiff[']s property sustained a covered loss. The parties, however, dispute the amount and scope of the loss." *Id*. at 2. Defendant also argued that it had not waived its right to appraisal, noting that the policy contained no requirement that appraisal be invoked within any set time. *Id*. at 4-5.

On August 16, 2018, the undersigned held a hearing to address whether Defendant had actually made a written demand for appraisal, an issue that neither party addressed squarely in the Motion, the Response, or the Reply. At the hearing, the partiers agreed that no written demand had been made, other than the Motion. Defendant asserted that the Motion was a sufficient "written demand" under the appraisal provision of the insurance policy, and Plaintiff asserted that it was not. Accordingly, the undersigned directed supplemental briefing solely on the issue of whether the Motion was a sufficient "written demand" under the appraisal provision of the policy.

On August 21, 2018, Defendant filed its supplemental brief, asserting that the Motion is a written demand for appraisal that complies with the terms of the insurance policy. Doc. 29. Defendant also provided the Court with recent decisions from another court in this District construing the same appraisal provision at issue here, compelling appraisal, and noting that the motion to compel appraisal appeared to be the written demand for appraisal. *Id*. at 2 (citing *139 W Marion Ave., LLC v. Scottsdale,* 2:18-cv-00278-JES-MRM, Doc. 25 (M.D. Fla. Aug. 16, 2018); *McPhillips v. Scottsdale,* 2:18-cv-00421-UA-CM, Doc. 23 (M.D. Fla. Aug. 10, 2018); *Levi Holding, LLC v. Scottsdale Ins. Co.*, 2:18-cv-361-JES-CM, 2018 WL 3575082, Doc. 19 (M.D. Fla. July 25, 2018)); *see also J&E Invs., LLC v. Scottsdale Ins. Co.,* 16-61688-CIV, 2016 WL 8793337 (S.D. Fla. Aug. 18, 2016), *report and recommendation adopted,* 2016 WL 8793338 (S.D. Fla.

Sept. 7, 2016).[1]  Finally, Defendant made a separate, written demand for appraisal on August 24, 2018, and asserted that even if the Court deemed the Motion an inadequate "written demand" under the policy, this latter written demand satisfied the requirements of the policy.  Doc. 29 at 4.[2]

On August 28, 2018, Plaintiff filed its responsive supplemental brief, asserting that the Motion is not a "written demand" under the insurance policy.  Doc. 32.  Plaintiff failed to cite any legal authority in support of its assertions, and vaguely attempted to distinguish one of the cases from this District.  *Id*.  In addition, and for the first time, Plaintiff raised an argument that the Motion should be denied because Defendant elected its remedy under the "loss payment" section of the policy.  *Id*. at 3-4.  This argument was outside the scope of the limited supplemental briefing allowed by the Court and will not be considered, but, regardless, Plaintiff again failed to cite any legal authority supporting its contention that Defendant's alleged failure to comply with the "loss payment" provision of the policy resulted in it waiving its right to demand appraisal.

## II.     *Discussion of the Request to Compel Appraisal*

"In Florida, appraisal provisions contained within insurance policies are generally treated the same as arbitration provisions."  *Wright Way Emergency Water Removal, LLC v. Mt. Hawley Ins. Co.*, No. 8:16-cv-1163-T-17MAP, 2016 WL 9526569, at *2 (M.D. Fla. July 29, 2016).  So "motions to compel appraisal should be granted whenever the parties have agreed to the provision."  *Id*. (citing *Preferred Mut. Ins. Co. v. Martinez*, 643 So. 2d 1101, 1102 (Fla. 3d DCA 1994)); *see J.P.F.D. Inv. Corp. v. United Specialty Ins. Co.*, No. 6:17-cv-1415-ORL-40GJK, 2017

---

[1] Defendant also attached an affidavit to its supplemental brief.  Without determining whether such an affidavit was authorized to be filed, the undersigned finds that the consideration of that affidavit is not necessary to the determination of the Motion and has not considered the affidavit.  Plaintiff objected to the filing of this affidavit in its supplemental response.  *See* Doc. 32 at 2 n.2 and 4-6.

[2] While Defendant's supplemental brief identifies an August 21, 2018 written demand, this demand named the wrong insured, and an amended demand was made on August 24, 2018.  *See* Doc. 30.

WL 4685254, at *2 (M.D. Fla. Sept. 29, 2017), *report and recommendation adopted*, No. 6:17-cv-1415-Orl-40GJK, 2017 WL 4657721 (M.D. Fla. Oct. 17, 2017) ("Whether the parties can be compelled to appraisal depends on the provisions of the policy."). And the "enforcement of appraisal provisions [is] preferred over lawsuits 'as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits.'" *Id*. (quoting *First Protective Ins. Co. v. Hess*, 81 So. 3d 482, 485 (Fla. 1st DCA 2011)). Further, as a court in this District has recently explained:

> [W]hen an insurer acknowledges that there is a covered loss, any dispute regarding the amount of such loss is appropriate for appraisal. *Id*. (citations omitted); *Freeman v. American Integrity Ins. Co. of Florida*, 180 So. 3d 1203, 1208 (Fla. 1st DCA 2015). "Notably, in evaluating the amount of loss, an appraiser is necessarily tasked with determining both the *extent* of covered damage and the *amount* to be paid for repairs." *Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc.*, 162 So. 3d 140, 143 (Fla. 2d DCA 2014) (emphasis in original). Thus, the question of what repairs are needed to restore a property is a question relating to the amount of loss and not coverage.

*Levi Holding, LLC*, 2018 WL 3575082, at *4 (emphasis in original). That said, "[a] party may . . . waive the right to appraisal if the party maintains a position that is inconsistent with the appraisal remedy or participates in extensive litigation and discovery." *Marram Corp. v. Scottsdale Ins. Co.*, 2:18-cv-204-SPC-MRM, Doc. 33 (M.D. Fla. Aug. 21, 2018) (citing *Bullard Bldg. Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 8:06-cv-1194-T-27MSS, 2006 WL 2787850, at *1 (M.D. Fla. Sept. 26, 2006)).

Here, the plain language of the policy allows Defendant a right to appraisal, and courts interpreting this exact policy provision have determined that to be so. *See, e.g.*, *Levi Holding, LLC*, 2018 WL 3575082 (M.D. Fla. July 25, 2018); *J&E Invs., LLC,* 2016 WL 8793337 (S.D. Fla. Aug. 18, 2016). Defendant has alleged that it has properly asserted the appraisal provision. Further, Defendant has admitted that there is a covered loss, and, thus, the remaining dispute as to

the amount of loss is appropriate for appraisal. Plaintiff has contested neither the existence or validity of the appraisal provision but has instead asserted several objections to the enforcement of the appraisal provision. The undersigned will address these objections in two groups: first, the objections directed to the existence of arbitrable and non-arbitrable issues (arguments 1 and 3 in the Response); and second, the objections that Defendant waived its right to demand appraisal under the policy (arguments 2 and 4 in the Response).

    *1. Arbitrable and Non-Arbitrable Issues*

Plaintiff asserts that the request for appraisal was premature because no arbitrable issue exists, claiming that the parties had not yet disagreed on the amount of loss. *Id*. at 4-5. Plaintiff claims that the disagreement here is "unilateral" because the parties have not engaged in any meaningful discussions or exchanged information sufficient to determine if an actual disagreement exists. *Id*.

In support of this argument, Plaintiff relies solely upon *U.S. Fidelity & Guaranty Co. v. Romay*, 744 So. 2d 467 (Fla. 3d DCA 1999).[3] There, the court reversed a trial court's order compelling arbitration and remanded "with directions that the trial court require compliance with the policy's preconditions to appraisal before granting motions to compel appraisal." *U.S. Fidelity & Guaranty Co.*, 744 So. 2d at 472. In doing so, the court reasoned that a disagreement cannot be unilateral and the policy provision required that the parties "engage in some meaningful exchange of information sufficient for each party to arrive at a conclusion before a disagreement could exist." *Id*. at 470. As cited in Plaintiff's response, the court explained its requirement for "some meaningful exchange," in part, by a quotation to a treatise: "For example, a mere arbitrary refusal

---

[3] Plaintiff also cites to *Cypress Chase Condo Ass'n "A" v. QBE Ins. Corp.*, 2011 WL 1544860 (S.D. Fla. Apr. 15, 2011), but that case involved the first indication of disagreement being contained within the complaint filed by an insured, not a situation involved here.

to pay the amount demanded, and the offer of a less amount, without any attempt upon the part of the insurer to ascertain and estimate the amount of loss and damage, do not constitute such a disagreement as is contemplated." *Id*. (quoting 14 Couch on Insurance 2d § 50:56 (1982)).  Then, the court went on to find that the policy at issue clearly contemplated the exchange of specific information by looking to the "post-loss" provisions of the policy and finding that the party seeking to compel appraisal failed to comply with those provisions – an aspect of *Romay* not addressed by Plaintiff.  *Id*. at 470-72.

Here, the parties disagreed as to the amount of the covered loss.  Plaintiff claimed the loss was $473,865.06 and provided that figure to Defendant along with an invoice and explanation of the loss so that Defendant could investigate the loss.  It is undisputed that Defendant did investigate the loss and determined that the amount of the covered loss was $9,041.10, an amount less than the deductible.  Plaintiff then filed this lawsuit.  Thus, information was exchanged between the parties, investigations were conducted, and each party claimed a different amount of covered loss.  As such, this is not a unilateral disagreement such as "a mere arbitrary refusal to pay the amount demanded, and the offer of a less amount, without any attempt upon the part of the insurer to ascertain and estimate the amount of loss and damage . . . ."  The undersigned finds that there is a genuine disagreement as to the covered loss and, as such, an issue subject to appraisal.

On the other hand, Plaintiff asserts that the Court should deny the Motion because non-arbitrable issues exist in this case.  *Id*. at 5-6.  Plaintiff argues, as one example of its five, perfunctorily-stated, non-arbitrable issues, that because it has made a claim for breach of the policy Defendant cannot assert the appraisal provision within the policy, because there is an allegation that the policy was breached, and a jury must determine whether the policy was breached.  This argument is tautological and, regardless, Plaintiff provides no legal authority in support of its

argument. *See id*. If the Court were to agree with Plaintiff's argument, then any claim for breach of an insurance policy would necessarily result in the party allegedly in breach losing any right to assert the appraisal provision because a jury had not yet determined whether the breach had occurred. That is not the case, and the undersigned finds that Plaintiff's argument lacks merit.

    2. *Waiver of Right to Appraisal*

Plaintiff asserts that Defendant waived its right to appraisal both by failing to make a written demand for appraisal prior to filing this action and by actively participating in this litigation. *Id*. at 5, 7-10.

Plaintiff's first argument has two parts, each requiring a finding by the undersigned. First, the undersigned finds that the Motion is an adequate "written demand" for appraisal under the terms of the policy and, even if it were not, the August 24, 2018 written demand is a sufficient "written demand." Through the hearing and supplemental briefing, the parties agreed that the Motion is the first written demand for appraisal but disagreed over whether the Motion is an adequate "written demand" under the terms of the policy. Plaintiff had two opportunities to provide the Court with some legal authority supporting its contention that the Motion cannot be an adequate "written demand" under the policy, but neither in the Response nor in the supplemental responsive briefing did Plaintiff provide the Court with a single legal authority supporting that contention. Defendant, on the other hand, cited cases in this District that, while not decided directly upon this issue, seemed to involve the same situation – a motion to compel arbitration as the first written demand for appraisal. *See, e.g.*, *McPhillips v. Scottsdale,* 2:18-cv-00421-UA-CM, Doc. 23 at 2 (M.D. Fla. August 10, 2018) (compelling appraisal under an identical appraisal provision and noting that, "It does not appear that Scottsdale has previously sent plaintiffs any demand for appraisal, other than the filing of the instant Motion to Compel."). Here, Defendant

demanded appraisal in writing by filing the Motion; the plain terms of the policy do not specify a particular form of writing, and, on this record, the undersigned sees no reason to require anything further than that seemingly allowed by the plain language of the policy. Further, following the filing of the Motion, Defendant made an additional, written demand for arbitration on August 24, 2018. That written demand also satisfies the terms of the appraisal provision and provides an independent and alternative basis upon which to grant the Motion. The undersigned finds Plaintiff's perfunctory arguments that the August 24, 2018 written demand is insufficient to be unpersuasive, as the policy requires nothing more than a "written demand" for appraisal.

Second, the undersigned finds that Defendant has not waived its right to assert the appraisal provision by making its written demand after Plaintiff filed this action. Plaintiff asserted throughout its arguments that Defendant waived its right to demand appraisal because it failed to demand appraisal until after Plaintiff filed this action. But Plaintiff cited no provision of the policy that requires that appraisal be demanded prior to litigation, nor does Plaintiff cite to any legal authority supporting its argument. Looking to the plain terms of the appraisal provision, it contains no requirement that appraisal be demanded within any set time. Thus, the undersigned finds that Plaintiff's assertion that Defendant was required to demand appraisal prior to Plaintiff filing this action is unsupported and without merit.

Plaintiff's second argument concerning waiver is that Defendant waived its right to demand appraisal by actively participating in this litigation and taking action inconsistent with its right to appraisal. Specifically, Plaintiff asserts that Defendant waived its right to demand appraisal by removing this action to this Court and drafting and providing to Plaintiff, but not filing, a motion to strike the attorney fee demand in the original complaint. In support of its argument, Plaintiff cited to cases in which courts found that a party seeking to compel appraisal waived that right by

actively litigating prior to the demand for appraisal. But those cases involve significantly more and qualitatively different litigation by the moving party than in this case and, as such, are factually distinguishable on that basis. *See Coastal Sys. Devel., Inc. v. Bunneell Found., Inc.*, 963 So. 2d 722, 724 (Fla. 3rd DCA 2007) (moving party litigated the case for two years, conducted discovery, and filed two motions to dismiss, an answer, affirmative defenses, and counterclaims); *Beverly Hills Devel. Corp. v. George Wimpey of Florida, Inc.*, 661 So. 2d 969, 971 (Fla. 5th DCA 1995) (moving party withdrew the motion to compel appraisal and filed a motion to dismiss on the merits); *R.W. Roberts Constr. Co. Inc. v. Master & Co., Inc*., 403 So. 2d 1114, 1115 (Fla. 5th DCA 1981) (moving party filed a motion to dismiss and transfer venue, as well as an answer and affirmative defenses). Here, Defendant simply removed this case to federal court, drafted (but did not file) a short motion directed to the attorney fee demand in the original complaint, and then filed the Motion, which is now under consideration by the Court. The undersigned finds that, on this record, such conduct does not amount to active litigation sufficient to waive Defendant's right to seek appraisal and does not constitute action inconsistent with the policy's appraisal provision.

### III.    *Discussion of the Request to Delineate Appraisal Award*

For the foregoing reasons, the undersigned will respectfully recommend that the Court compel appraisal and stay this case pending appraisal. If that recommendation is adopted, the Court should next consider Defendant's request to delineate the appraisal award. Specifically, Defendant requests that the Court direct the appraisers to prepare a line itemization of damages and delineation of scope in the appraisal award as there may be remaining coverage issues to be decided by the Court following appraisal. Plaintiffs did not state a position as to Defendant's request for a delineated appraisal and, as such, the undersigned takes the request as unopposed.

Courts have found that a detailed line-item appraisal streamlines and allows the court to more easily assess coverage disputes. *See 139 W Marion Ave., LLC v. Scottsdale,* No. 2:18-cv-00278-JES-MRM, Doc. 25 at 7-8 (M.D. Fla. Aug. 16, 2018) (citing *Bonafonte v. Lexington Ins. Co.*, No. 08-cv-21062-CIV, 2008 WL 2705437, *2 (S.D. Fla. July 9, 2008); *Fla. Ins. Guar. Ass'n, Inc. v. Olympus Ass'n, Inc.*, 34 So. 3d 791, 796 n. 1 (Fla. 4th DCA 2010) (approving the use of a line-item appraisal form, which allows the court to "readily identify any coverage issues that arise during the course of the appraisal and resolve these without having to try and decipher what value the appraiser assigned for a particular type of damage"). The undersigned agrees that such an approach could streamline the determination of coverage issues and, with no objection from Plaintiff, the undersigned recommends approval of the use of a line-item appraisal.

### IV.     *Conclusion*

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 15) be **GRANTED**;
2. The parties be ordered to obtain expeditiously an appraisal in the manner prescribed by the appraisal provision of the policy;
3. This action be stayed pending completion of the appraisal process;
4. The parties be ordered to file a joint status report every 90 days advising the Court of the status of the appraisal process; and
5. The parties be ordered upon completion of the appraisal process to file an appropriate notice with the Court.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 6, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy